# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **RICHARD J. GIESE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07CV374MLM |
| ) | |
| **ALLEN BLAKE,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This matter is before the court pursuant to the Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Richard Giese ("Petitioner"). Doc. 1. Respondent filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted. Doc. 12. Petitioner filed a Traverse. Doc. 18. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). Doc. 17.

## I.
## BACKGROUND

On September 19, 2003, the State filed a Petition pursuant to Mo. Rev. Stat. § 632.480 et seq. requesting that the court find Petitioner to be a sexually violent predator; that Petitioner be transferred to an appropriate facility; that a hearing be held to determine whether probable cause existed to find Petitioner a sexually violent predator; that if probable cause was found that Petitioner remain in custody until it was determined that he is a sexually violent predator; and that if found a sexually violent predator that Petitioner be committed to the Department of Mental Health until such time as his mental abnormality has so changed that he is safe to be at large. Resp. Ex. B at 9-11. On December 13, 2004, the State circuit court found that Petitioner is a sexually violent predator and

ordered that he be delivered into the custody of the Department of Mental Health located at the Missouri Sex Offender Treatment Center, in Farmington, Missouri. Resp. Ex. B at 87-88.

Petitioner filed an appeal on August 12, 2005. Resp. Ex. C. By Order dated December 13, 2005, the Missouri appellate court affirmed the trial court's judgment finding Petitioner to be a sexually violent predator. Resp. Ex. E. The mandate issued on February 4, 2006. Resp. Ex. F at 2. Petitioner filed his § 2254 Petition on February 23, 2007.[1] In his § 2254 Petition, Petitioner raises the following issues:

**(1)** Petitioner's conviction as a sexually violent predator is barred by his previous conviction.

**(2)** Petitioner's commitment is a violation of due process and equal protection.

**(3)** Petitioner's conviction as a sexually violent predator is barred by principles of double jeopardy.

**(4)** Petitioner received ineffective assistance of counsel because trial counsel did "bring a competent defense."

## II.
## EXHAUSTION, PROCEDURAL DEFAULT AND TIMELINESS ANALYSIS

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal is an abandonment of a claim. Id. at 1150 (citing Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996)). A state prisoner who fails "'to follow applicable state procedural rules [for] raising the claims' (citation omitted) . . . , is procedurally barred from raising them in a federal habeas action,

---

[1] Petitioner's § 2254 Petition reflects that it was signed by Petitioner on February 19, 2007. Doc. 1 at 15. The "Original Filing Form" reflects that it was signed on January 16, 2007. Doc. 1, Part 2. The envelope containing the § 2254 Petition is postmarked February 20, 2007. Doc. 1, Part 3.

regardless of whether he has exhausted his state-court remedies." Id. at 1151 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). "[F]airly present" means that state prisoners are "required to 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" Id. at 411-12. A state-law claim which is raised in state court which "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Id. at 412.

The United States Supreme Court holds that a state prisoner can overcome procedural default if he or she can demonstrate cause and prejudice for the procedural default. Dretke v. Haley, 541 U.S. 386, 388-89 (2004). See also Coleman, 501 U.S. at 750 (holding that a state habeas petitioner can overcome procedural default by demonstrating cause for the default and actual prejudice or demonstrate that default will result in a fundamental miscarriage-of-justice; Battle v. Delo, 19 F.3d 1547, 1552 (8th Cir. 1994).

Prior to considering the merits of a state petitioner's habeas claim, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). "If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are no 'currently available, non-futile remedies,' through which the petitioner can present his claim." Id. (citation omitted).

Additionally, § 2244(d)(1) establishes a 1-year limitation period on petitions filed pursuant to § 2254.

3

In Petitioner's case, as argued by Respondent, Petitioner did not raise the issues which he raises in Grounds 1, 3, and 4 of his § 2254 Petition before the Missouri appellate court. As such the court finds Petitioner has procedurally defaulted Grounds 1, 3, and 4. See Coleman, 501 U.S. at 731-32; Sweet, 125 F.3d at 1149. Petitioner suggests that alleged ineffectiveness of trial counsel should excuse his procedural default of Grounds 1, 3, and 4. In regard to ineffectiveness of counsel as grounds to excuse procedural default, the Eighth Circuit has held that "[i]neffective assistance of trial ... counsel may be cause excusing a procedural default." Williams v. Kemna, 311 F.3d 895, 897 (8th Cir. 2002) (citing Murray v. Carrier, 477 U.S. 478, 491-92, (1986)). "However, in order to urge ineffective assistance as cause excusing a procedural default, the federal habeas petitioner must have properly raised the ineffectiveness claim in state court." Id. (citing Edwards v. Carpenter, 529 U.S. 446, 450-53 (2000); Tokar v. Bowersox, 198 F.3d 1039, 1051 n. 13 (8th Cir.1999)). See also Watts v. Norris, 356 F.3d 937, 941 (8th Cir. 2004). Petitioner did not raise a claim of ineffective assistance of counsel in State court. As such, the court finds that Petitioner has procedurally defaulted Grounds 1, 3, and 4.

In Ground 2 Petitioner generally alleges that his commitment was a violation of his right to due process and equal protection. Petitioner provides no factual basis for Ground 2 either in his Petition or in his Traverse. Section 2254 requires that the petition "shall specify all the grounds for relief which are available to the petitioner." See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994); Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990) (holding that a habeas petition must specify the grounds upon which relief is sought). In Adams, 897 F.2d at 333, the court held that where the habeas petitioner generally referenced transcripts, case records, and briefs on appeal that he "patently" fail[ed] to comply" with the specificity requirements of § 2254.

To the extent that Petitioner alleges cumulative error in Ground 2, errors that are not unconstitutional individually cannot be added together to create a constitutional violation. Wainwright v. Lockhart, 80 F3d 1226, 1233 (8th Cir. 1996) ("Neither cumulative effect of trial errors nor cumulative effect of attorney errors are grounds for habeas relief."); United States v. Stewart, 20 F.3d 911, 917-918 (8th Cir. 1994). Neither cumulative effect of trial errors nor cumulative effect of attorney errors are grounds for habeas relief. Wainwright, 80 F3d at 1233; Stewart, 20 F.3d at 917-918; Wharton-El v. Nix, 38 F.3d 372, 375 (8th Cir. 1994); Griffin v. Delo, 33 F.3d 895, 903-904 (8th Cir. 1994). As such, the court finds that Petitioner has failed to raise an issue in Ground 2 which is cognizable pursuant to § 2254 and that, therefore, his Petition should be denied in this regard.[2]

---

[2] To the extent that Petitioner intends to incorporate the arguments he made before the Missouri appellate court as the basis for his claim of a denial of due process and equal protection, the court first notes that Petitioner argued before the Missouri appellate court that the trial court relied too heavily upon the expert opinion of Dr. Richard Scott diagnosing Petitioner with sexual sadism. The court finds, alternatively, that the conclusion of the appellate court in regard to this argument is not contrary to federal law and that it is a reasonable application of federal law. See Williams v. Taylor, 529 U.S. 262, 412 (2000); Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592-93 (1993); United States v. Two Eagle, 318 F.3d 785 (8th Cir. 2003) ("Admission or exclusion of expert testimony is a matter within the sound judicial discretion of the trial court, and the trial court's decision should not be reversed unless found to be 'manifestly erroneous.'") (internal citation omitted).

Second, Petitioner argued before the Missouri appellate court that there was not sufficient evidence to find that he was a sexually violent predator because there was insufficient evidence that Petitioner was sexually aroused by violence. Upon considering this argument, the Missouri appellate court considered Dr. Scott's description of Petitioner's behavior, including that Petitioner engaged in sexual behavior toward women in which he integrated sex and violence; that Petitioner took the women against their will; and that Petitioner was discovered masturbating during a violence education workshop. The Missouri appellate court also considered that Petitioner admitted to a doctor that he was aroused sexually by violence. The court further considered the requirements of Mo. Rev. Stat. § 632.480(5), which statute defines a sexually violent predator under Missouri law and concluded that there was sufficient evidence to find that Petitioner suffered from sexual sadism and that he was a sexually violent predator. The court finds, alternatively, that the conclusion of the appellate court in regard Petitioner's argument regarding the sufficiency of the evidence is not contrary to federal law and that it is a reasonable application of federal law. See Williams v. Taylor, 529 U.S. 262, 412 (2000); Wright v. West, 505 U.S. 277, 283-84 (1992); Scott v. Jones, 915 F.2d 1188, 1190 (8th Cir. 1990); Haymon v.

5

Respondent contends that Petitioner's § 2254 Petition is untimely as it was filed in excess of one year after the date the appellate court issued its decision. The appellate court's decision regarding Petitioner's direct appeal was issued on December 13, 2005. Ninety days from that date the 1-year statute of limitations commenced to run. See Berry, 312 F.3d 948. Petitioner filed his §2254 Petition on February 23, 2007, which is within the 1-year statutory period. Thus, Petitioner's § 2254 Petition was timely filed.

## III.
## CONCLUSION

For the reasons set forth above, the court finds that Petitioner has procedurally defaulted Grounds 1, 3 and 4; that the issue raised in Petitioner's Ground 2 is not cognizable pursuant to federal habeas review; and that, therefore, Petitioner's §2254 Petition should be dismissed in its entirety. The undersigned further finds that the grounds asserted by Petitioner do not give rise to any issues of constitutional magnitude. Because Petitioner has made no showing of a denial of a constitutional right, Petitioner should not be granted a certificate of appealability in this matter. See Tiedeman v Benson, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that the § 2254 Petition filed by Petitioner is **DENIED,** and that it is **DISMISSED,** with prejudice; Doc. 1

---

Higgins, 846 F.2d 1145, 1146 (8th Cir. 1988). See also Whitehead v. Dormire, 340 F.3d 532, 536 (8th Cir. 2003) ("We must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and we must defer to that resolution.") (internal citations omitted); Weston v. Dormire, 272 F.3d 1109, 1111 (8th Cir. 2001) ("In determining the sufficiency of the evidence in habeas cases under 28 U.S.C. § 2254, we view the evidence in the light most favorable to the prosecution and decide whether any rational jury could have found, beyond a reasonable doubt, all of the elements of the crime.") (internal citations omitted).

**IT IS FURTHER ORDERED** that the for the reasons stated herein, any motion by Petitioner for a certificate of appealability will be **DENIED**;

**IT IS FURTHER ORDERED** that a judgment incorporating this Memorandum Opinion shall issue this same date.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of September, 2007.